**The Maglione Firm, P.C.**
ATTORNEYS AT LAW
186 Clinton Ave., 2nd Fl
Newark, New Jersey 07108
Ph: (973) 645-0777; Fax: (973) 645-0377
Attorneys for Plaintiff, Kwadir Felton

**Law Offices of Lora B. Glick, LLC**
ATTORNEYS AT LAW
186 Clinton Ave., Ste. #1
Newark, New Jersey  07108
Ph: (732) 642-7232; Fax: (732) 542-1163
Co-Counsel for Plaintiff, Kwadir Felton

| | |
|---|---|
| **KWADIR FELTON,** | **UNITED STATES DISTRICT COURT**<br>**DISTRICT OF NEW JERSEY** |
| **Plaintiff,** | |
| **vs.** | **CIVIL ACTION NO.** |
| **CITY OF JERSEY CITY, JERSEY CITY POLICE CHIEF, THOMAS J. COMEY, JERSEY CITY POLICE DIRECTOR, SAMUEL JEFFERSON, JERSEY CITY POLICE SERGEANT THOMAS McVICAR, JERSEY CITY POLICE OFFICER DWAYNE DOWELL, JERSEY CITY POLICE OFFICER CARLOS LUGO, ABC CORPORATIONS (#1 thru #10), JOHN DOES (#1 thru #10) and JANE DOES (#1 thru #10),** | **COMPLAINT AND JURY DEMAND**<br><br>**Document Filed Electronically** |
| **Defendants.** | |

The plaintiff, Kwadir Felton, residing at 97 Myrtle Avenue, Apt. 101, Jersey City, New Jersey  07305, complaining of the defendants, says:

## THE PARTIES

1.   Plaintiff, Kwadir Felton ("Kwadir"), is a citizen of the United States of America, of African American race and national origin, and at all times relevant to this Complaint was a resident of Jersey City, New Jersey in the County of Hudson.

2.   Defendant, City of Jersey City, is a municipal corporation organized under the laws of the State of New Jersey with offices at 280 Grove Street, Jersey City New Jersey.

3.   Defendant, Jersey City Police Chief, Thomas J. Comey, at all times during the events

1

herein set forth, was employed as Police Chief of the Jersey City Police Department by the Defendant City of Jersey City and acted in his capacity as an agent, servant and/or employee of the city and/or individually.

4.   Defendant, Jersey City Police Director, Samuel Jefferson, at all times during the events herein set forth, was employed as Police Director of the Jersey City Police Department by the Defendant City of Jersey City and acted in his capacity as an agent, servant and/or employee of the city and/or individually.

5.   Defendant, Jersey City Police Sergeant Thomas McVicar ("McVicar"), at all times during the events herein set forth, was employed as a police officer for the Jersey City Police Department by the Defendant, City of Jersey City, and acted in his capacity as an agent, servant and/or employee of the city and/or individually.

6.   Defendant, Jersey City Police Officer Dwayne Dowell ("Dowell"), at all times during the events herein set forth, was employed as a police officer for the Jersey City Police Department by the Defendant, City of Jersey City, and acted in his capacity as an agent, servant and/or employee of the city and/or individually.

7.   Defendant, Jersey City Police Officer Carlos Lugo ("Lugo"), at all times during the events herein set forth, was employed as a police officer for the Jersey City Police Department by the Defendant, City of Jersey City, and acted in his capacity as an agent, servant and/or employee of the city and/or individually.

8.   Defendant(s) John Does (1-10), Jane Does (1-10) and/or ABC CORPORATIONS (1-10), inclusive, represent other individuals and/or entities unknown to the plaintiff at this time, who participated in the causes of plaintiff's  damages and who will be specifically identified through discovery.

## JURISDICTION AND VENUE

9.   This suit arises under the United States Constitution and the laws of the United States and is brought pursuant to 42 U.S.C. § 1983, together with pendant state law claims.

10. This Court has jurisdiction over plaintiff's federal claims pursuant to 28 U.S.C. §1331, as an action arising under the Constitution of the United States, and 28 U.S.C. §1343(a)(3), to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States, and over plaintiff's pendant state law claims pursuant to 28 U.S.C . § 1367.

11. This Court has authority to award costs and attorneys fees pursuant to 42 U.S.C. § 1988.

12. Venue is properly laid in the District of New Jersey, pursuant to 28 U.S.C. §1391(b), because all defendants reside in this district, and the events giving rise to these claims occurred in this district.

## SUBSTANTIVE ALLEGATIONS

13. As part of its mission to serve the public by carrying out its duty to insure that justice is served in every case, the Jersey City Police Department maintains a Gang Squad in the Street Crimes Unit, which also worked jointly with the New Jersey State police, to handle street gang and narcotics-related investigations.

14. According to police investigative reports, defendant McVicar, a supervisor in the Gang Squad, claims that on January 10, 2010, at approximately 8:00 p.m., he was on duty and working undercover with a larger police squad that consisted of  five  law enforcement members, including himself, Detective Sergeant Michael Clifford and Detective David Fritsch of the New

Jersey State Police, and Jersey City Police Officers Dwayne Dowell and Carlos Lugo.  The weather was cold and clear.  Darkness had fallen.

15. Defendant McVicar also claims that, at the aforesaid date and time, he was working alone, was dressed in plain clothes and was operating his personally-owned, unmarked vehicle, a Toyota Tacoma pickup truck, which was not equipped with lights or sirens.  He had on his person four communications devices to communicate with his fellow squad members:  a New Jersey State Police radio, a Jersey City Police issue radio, a Motorola Nextel phone and his own personal cell phone.  He was also armed with his own personal police-approved Glock 21 Slimframe .45 caliber firearm.

16. Defendant McVicar also claims that, while working with the aforementioned police squad members, he set up a surveillance, using his personal vehicle, in the area of Dwight Street between Bergen Avenue and Martin Luther King, Jr. Boulevard.  When he arrived he observed a red Acura TL parked on the south side of Dwight Street, which he recognized as a target of the police investigation.

17.  Defendant McVicar also claims that, as a result of his making the aforementioned observations, he parked his personal, unmarked vehicle on the north side of Dwight Street and Martin Luther King, Jr. Boulevard.  He then shut and locked the vehicle, placed his keys in the center console and moved into the back seat.  Once there, he positioned himself so that he had an unobstructed view of the driver and passenger seats in the Acura TL.

18. Defendant McVicar claims further that, shortly thereafter, he observed what he believed to be a narcotics transaction between occupants of the red Acura and those of a black SUV that entered and exited the area briefly.  When he observed the occupants of the Acura TL drive away, defendant McVicar relayed his observations to his fellow squad members via one of

his communications devices.  He also indicated that he would be continuing to maintain surveillance in the area.

19. As he continued to maintain surveillance, defendant McVicar claims that he "sensed" that an individual was standing outside his personal, unmarked vehicle.  He turned his head and did, in fact, observe an individual, later identified as the plaintiff, Kwadir Felton, standing outside of his unmarked, personally-owned vehicle.

20. At that point, over the course of only a few seconds, defendant McVicar exhibited an objectively unreasonable show of excessive and deadly force by drawing his firearm and firing a single shot into the face of Kwadir, causing him severe injuries that included permanent blindness.  At no time prior to his exhibiting the aforesaid objectively unreasonable, excessive and deadly show of force did defendant McVicar identify himself as a police officer, show his firearm to Kwadir or attempt to question or arrest Kwadir.

21. Immediately thereafter and without adequate investigation or substantiation, and/or with malicious motives and based entirely or predominantly on Kwadir's race or national origin, defendants McVicker, Dowell and Lugo caused Kwadir to be arrested, without probable cause.

22. Kwadir was subsequently indicted and his criminal proceedings are ongoing.

## FIRST COUNT
### (Constitutional Violations - Excessive Force)

23. Plaintiff, Kwadir Felton, incorporates the averments of Paragraphs 1 through 22 as if fully set forth herein.

24. Kwadir has a right, protected by the Fourth and Fourteenth Amendments to the United States Constitution, to be free from and protected against objectively unreasonable seizures during the course of an investigatory stop and/or arrest.

25. Defendant McVicar's show of objectively unreasonable, excessive and deadly force

in drawing his firearm and firing a single shot into the face of Kwadir during the course of an investigatory stop and/or arrest, in the absence of identifying himself as a police officer, showing his weapon and/or questioning or attempting to arrest Kwadir, restrained Kwadir's liberty and, therefore, constitutes a "seizure" of Kwadir triggering Fourth Amendment's protections.

26. The actions of the individual defendants were taken under color of state law.

27. The actions of the defendants constituted a policy, practice, procedure and/or custom of the City of Jersey City and the Jersey City Police Department, in that those actions are part of a pattern of failing to adequately train and/or supervise individual police officers on use of force guidelines and procedures, particularly with regard to the employment of deadly force.

28. The actions of the defendants were willful, deliberate and malicious.

29. The actions of the defendants deprived Kwadir of his rights under the Fourth Amendment to the Constitution, his rights under the procedural and substantive due process components of the Fourteenth Amendment to the Constitution, and his rights under the Equal Protection Claus of the Fourteenth Amendment to the Constitution.

30. As a proximate result of the defendants' conduct, Kwadir has been injured in that he was deprived of his constitutional civil rights; was unlawfully and unconstitutionally seized due to the objectively unreasonable, excessive and deadly force exhibited by defendant McVicar during the course of an investigatory stop and/or arrest; and was caused to suffer physical, mental and emotional injuries.

WHEREFORE, plaintiff, Kwadir Felton, demands judgment in his favor and against the defendants, City of Jersey City, Jersey City Police Chief, Thomas J. Comey, Jersey City Police Director, Samuel Jefferson, Jersey City Police Sergeant Thomas McVicar, Jersey City Police Officer Dwayne Dowell, Jersey City Police Officer Carlos Lugo, ABC Corporations (#1 thru

#10), John Does (#1 thru #10) and Jane Does (#1 thru #10), as follows:  (A) for compensatory damages; (B) for punitive damages; (C) for attorneys fees pursuant to 42 U.S.C. § 1988; and (D) for costs and other appropriate relief.

## SECOND COUNT
### (Constitutional Violations – False Arrest)

31. Plaintiff, Kwadir Felton, incorporates the averments of Paragraphs 1 through 30 as if fully set forth herein.

32. Kwadir has a right, protected by the Due Process and Equal Protection clauses of the Fourteenth Amendments to the United States Constitution, to be free from criminal arrest and prosecution solely on the basis of his race or national origin.

33. Kwadir has a right, protected by the Fourth and Fourteenth Amendments to the United States Constitution, against false, baseless and arbitrary arrest, detention, indictment and prosecution on criminal charges, and against arbitrary deprivation of his liberty and property.

34. The actions of the defendants in this matter, in falsely and maliciously arresting, charging and indicting Kwadir for alleged criminal offenses, violated those rights, in that those actions were baseless and arbitrary and were based solely or predominantly on his race or national origin.

35. The actions of the individual defendants were taken under color of state law.

36. The actions of the defendants constituted a policy, practice, procedure and/or custom of the City of Jersey City and the Jersey City Police Department, in that those actions are part of a pattern of failing to adequately train and/or supervise individual police officers on proper arrest and use of force guidelines and procedures, particularly with regard to the employment of deadly force.

37. The actions of the defendants were willful, deliberate and malicious.

38. The actions of the defendants deprived Kwadir of his rights under the Fourth Amendment to the Constitution, his rights under the procedural and substantive due process components of the Fourteenth Amendment to the Constitution, and his rights under the Equal Protection Claus of the Fourteenth Amendment to the Constitution.

39. As a proximate result of defendants' conduct, Kwadir has been injured in that he was deprived of his constitutional civil rights; was unlawfully and unconstitutionally seized due to the objectively unreasonable, excessive and deadly force exhibited by defendant McVicar during the course of an investigatory stop and/or arrest; was falsely arrested, charged and prosecuted without adequate basis; and was caused to suffer physical, mental and emotional injuries.

WHEREFORE, plaintiff, Kwadir Felton, demands judgment in his favor and against the aforementioned defendants as follows:  (A) for compensatory damages; (B) for punitive damages; (C) for attorneys fees pursuant to 42 U.S.C. § 1988; and (D) for costs and other appropriate relief.

## THIRD COUNT
### (New Jersey Civil Rights Claim Under N.J.S.A. 10:6-2)

40. Plaintiff, Kwadir Felton, incorporates the averments of Paragraphs 1 through 39 as if fully set forth herein.

41. Kwadir has a right, protected by the Fourth and Fourteenth Amendments to the United States Constitution, to be free from and protected against objectively unreasonable seizures during the course of an investigatory stop and/or arrest, and consequently the same right exists under the New Jersey Civil Rights Act, N.J.S.A. 10:6-2.

42. Defendant McVicar's show of objectively unreasonable, excessive and deadly force

in drawing his firearm and firing a single shot into the face of Kwadir during the course of an investigatory stop and/or arrest, in the absence of identifying himself as a police officer, showing his weapon and/or questioning or attempting to arrest Kwadir, while acting under color of state law, restrained Kwadir's liberty, constituting a "seizure" of Kwadir that triggers Fourth Amendment's protections, and, as such, Kwadir entitled to bring a civil action under the New Jersey Civil Rights Act, N.J.S.A. 10:6-2.

43. The actions of the individual defendants were taken under color of state law.

44.  The actions of the defendants constituted a policy, practice, procedure and/or custom of the City of Jersey City and the Jersey City Police Department, in that those actions are part of a pattern of failing to adequately train and/or supervise individual police officers on use of force guidelines and procedures, particularly with regard to the employment of deadly force.

45. The actions of the defendants were willful, deliberate and malicious.

46. The actions of the defendants deprived Kwadir of his rights under the Fourth Amendment to the Constitution, his rights under the procedural and substantive due process components of the Fourteenth Amendment to the Constitution, his rights under the Equal Protection Claus of the Fourteenth Amendment to the Constitution, and his rights under the New Jersey Civil Rights Act, N.J.S.A. 10:6-2..

47. As a proximate result of the defendants' conduct, Kwadir has been injured in that he was deprived of his constitutional civil rights pursuant to the New Jersey Civil Rights Act, N.J.S.A. 10:6-2; was unlawfully and unconstitutionally seized due to the objectively unreasonable, excessive and deadly force exhibited by defendant McVicar during the course of an investigatory stop and/or arrest; and was caused to suffer physical, mental and emotional injuries.

WHEREFORE, plaintiff, Kwadir Felton, demands judgment in his favor and against the aforementioned defendants as follows:  (A) for compensatory damages; (B) for punitive damages; (C) for attorneys fees; and (D) for costs and other appropriate relief.

## FOURTH COUNT
### (State Law – False Arrest)

48. Plaintiff, Kwadir Felton, incorporates the averments of Paragraphs 1 through 47 as if fully set forth herein.

49.  Kwadir was arrested, detained and indicted against his will.

50.  Kwadir's arrest was without legal authority or legal justification, in that he was

51. falsely and maliciously charged with fabricated charges by defendant McVicar, in order to "cover" himself, i.e. in an attempt to justify the fact that he wrongfully exhibited an objectively unreasonable show of excessive and deadly force in drawing his firearm and firing a single shot into the face of Kwadir during the course of an investigatory stop and/or arrest, in the absence of identifying himself as a police officer, showing his weapon and/or questioning or attempting to arrest Kwadir.

52. Defendants' actions in subjecting Kwadir to arrest, detention and charge were deliberate, willful and malicious.

53. The individual defendants' actions in falsely arresting Kwadir were taken in their capacities as officials or employees of the Jersey City Police Department and the City of Jersey City and are therefore attributable to the office and to the city.

54. As a proximate result of defendants' actions, Kwadir was injured in that he was subjected to false arrest and improper detention and suffered physical mental and emotional injury.

WHEREFORE, plaintiff, Kwadir Felton, demands judgment in his favor and against the

aforementioned defendants as follows:  (A) for compensatory damages; (B) for punitive

damages; (C) for attorneys fees; and (D) for costs and other appropriate relief.

## FIFTH COUNT
### (State Law – Malicious Prosecution)

55. Plaintiff, Kwadir Felton, incorporates the averments of Paragraphs 1 through 54 as if

fully set forth herein.

56.  The criminal proceedings against Kwadir were initiated by the defendants.

57.  Defendants' initiation of criminal proceedings against Kwadir was actuated by

malice.

58. The criminal charges against, and prosecution of, Kwadir were brought against him

without probable cause.

59.  Defendants' actions in subjecting Kwadir to arrest, detention and charge were

deliberate, willful and malicious.

60. The individual defendants' actions in falsely arresting Kwadir were taken in

their capacities as officials or employees of the Jersey City Police Department and the City of

Jersey City and are therefore attributable to the office and to the city.

61. As a proximate result of defendants' actions, Kwadir was injured in that he was

subjected to false arrest and improper detention and suffered physical mental and emotional

injury.

WHEREFORE, plaintiff, Kwadir Felton, demands judgment in his favor and against the

aforementioned defendants as follows:  (A) for compensatory damages; (B) for punitive

damages; (C) for attorneys fees; and (D) for costs and other appropriate relief.

## SIXTH COUNT
### (State Law – Intentional Infliction of Emotional Distress)

62. Plaintiff, Kwadir Felton, incorporates the averments of Paragraphs 1 through 61 as if fully set forth herein.

63. The aforesaid conduct on the part of defendant McVicar was intentionally designed to harass, injure and otherwise damage Kwadir and constitutes intentional infliction of emotional distress.

64. As a direct and proximate result of the unlawful, unconstitutional and malicious acts and omissions of defendant McVicar, while acting in the scope and capacity of his employment, Kwadir has suffered damages, including, but not limited to, economic loss, physical injury, psychological and emotional trauma, and severe emotional distress, anxiety and embarrassment.

WHEREFORE, plaintiff, Kwadir Felton, demands judgment in his favor and against the aforementioned defendants as follows:  (A) for compensatory damages; (B) for punitive damages; (C) for attorneys fees; and (D) for costs and other appropriate relief.

## SEVENTH COUNT
### (State Law – Negligent Infliction of Emotional Distress)

65. Plaintiff, Kwadir Felton, incorporates the averments of Paragraphs 1 through 64 as if fully set forth herein.

66. Defendant McVicar engaged in negligent conduct and/or inaction involving the illegal seizure of Kwadir, the illegal harassment of Kwadir and the illegal and wrongful incarceration of Kwadir.

67. The negligent conduct of the defendants was so reckless as to virtually assure that injury would be caused to Kwadir.

68. As a direct and proximate result of the negligent conduct on the part of the defendants,

Kwadir suffered damages, including but not limited to, economic loss, physical injury, psychological and emotional trauma, and severe emotional distress, anxiety, and embarrassment.

WHEREFORE, plaintiff, Kwadir Felton, demands judgment in his favor and against the aforementioned defendants as follows:  (A) for compensatory damages; (B) for punitive damages; (C) for attorneys fees; and (D) for costs and other appropriate relief.

### EIGHTH COUNT
**(Negligent Supervision and Training)**

69.  Plaintiff, Kwadir Felton, incorporates the averments of Paragraphs 1 through 68 as if fully set forth herein.

70.  At all times during the events herein set forth, defendants, City of Jersey City, Jersey City Police Chief Thomas J. Comey and Jersey City Police Director Samuel Jefferson, were responsible for the direction and control of the individual defendants McVicar, Dowell and Lugo to ensure the proper performance of duties and the adherence to established rules, regulations, policies and procedures.

71.  Despite their knowledge and/or awareness of the improper acts of the aforesaid individual defendants McVicar, Dowell and Lugo, neither of the defendants, City of Jersey City, Jersey City Police Chief Thomas J. Comey or Jersey City Police Director Samuel Jefferson, took sufficient action to prevent the aforesaid individuals defendants from assisting and/or committing such acts, nor have they taken sufficient actions to instruct, control or discipline the aforesaid individual defendants for the conduct at issue herein and for continuing to commit such improper and illegal actions.

72.  Defendants, City of Jersey City, Jersey City Police Chief Thomas J. Comey or Jersey City Police Director Samuel Jefferson, knew, had reason to know, or in the exercise of due diligence would have perceived that the aforesaid individually-named defendants had conduct or

disciplinary problems that pose a pervasive or unreasonable risk of harm to citizens like Kwadir.

73.   Defendants, City of Jersey City, Jersey City Police Chief Thomas J. Comey or Jersey City Police Director Samuel Jefferson, failed to take reasonable measures to guard against, and/or prevent the improper conduct of the aforesaid individual defendants as herein described.

74.   Had the defendants, City of Jersey City, Jersey City Police Chief Thomas J. Comey or Jersey City Police Director Samuel Jefferson, taken reasonable measures to prevent the improper conduct of the aforesaid individually named defendants and to assure his compliance with established policies, procedures, regulations and laws, Kwadir would not have suffered the deprivation of his rights and personal injuries as more fully set forth herein.

75.   The failure of defendants, City of Jersey City, Jersey City Police Chief Thomas J. Comey or Jersey City Police Director Samuel Jefferson, to take reasonable measures to prevent the improper conduct of the aforesaid individually named defendant amounted to gross negligence, deliberate indifference and/or deliberate misconduct which directly caused the deprivations and injuries suffered by Kwadir as herein set forth.

76.   The defendants, City of Jersey City, Jersey City Police Chief Thomas J. Comey or Jersey City Police Director Samuel Jefferson, had the power to prevent or aid in preventing the commission of the wrongs herein alleged, could have done so, and negligently, intentionally, knowingly and/or with deliberate indifference to the rights of Kwadir, as well as the other inhabitants of the defendant City of Jersey City failed and refused to do so.

77.   As a direct and proximate result of the failure of defendants, City of Jersey City, Jersey City Police Chief Thomas J. Comey or Jersey City Police Director Samuel Jefferson, to properly train and supervise the aforesaid individually-named defendants, Kwadir has suffered damages, including, but not limited to, economic loss, physical injury, psychological and emotional

trauma, and severe emotional distress, anxiety and embarrassment.

WHEREFORE, plaintiff, Kwadir Felton, demands judgment in his favor and against the aforementioned defendants as follows:  (A) for compensatory damages; (B) for punitive damages; (C) for attorneys fees; and (D) for costs and other appropriate relief.

<u>NINTH COUNT</u>
**(Negligent Hiring and Retention)**

78.  Plaintiff, Kwadir Felton, incorporates the averments of Paragraphs 1 through 77 as if fully set forth herein.

79.  At all times during the events herein set forth, defendants,  City of Jersey City, Jersey City Police Chief Thomas J. Comey or Jersey City Police Director Samuel Jefferson, were responsible for the hiring and retention of the Jersey City police officers, including the individual defendants, McVicar, Dowell and Lugo.

80.  As such, defendants, City of Jersey City, Jersey City Police Chief Thomas J. Comey or Jersey City Police Director Samuel Jefferson, had a general duty to the public to employ individuals who can competently carry out the duties of a police officer.

81.  Defendants,  City of Jersey City, Jersey City Police Chief Thomas J. Comey or Jersey City Police Director Samuel Jefferson, knew, had reason to know, or in the exercise of due diligence would have perceived that the aforesaid individually named defendants would pose a pervasive or unreasonable risk of harm to members of the public, such as Kwadir.

82.  Despite their knowledge and/or awareness of the unfitness, incompetence and dangerousness of the aforesaid individually-named defendants, and the risk of harm to innocent members of the public, and despite the fact that they should have known the wrongs that were done as herein alleged were going to be or were likely to be committed by the individually-named defendants, defendants City of Jersey City, Jersey City Police Chief Thomas J. Comey or

Jersey City Police Director Samuel Jefferson, nonetheless retained the aforesaid individually-named defendants.

83. Defendants, City of Jersey City, Jersey City Police Chief Thomas J. Comey or Jersey City Police Director Samuel Jefferson, had the power to prevent or aid in preventing the commission of the wrongs herein alleged, could have done so, and negligently, intentionally, knowingly and/or with deliberate indifference to the rights of Kwadir, as well as the other inhabitants of the defendant City of Jersey City failed and refused to do so.

84. As a direct and proximate result of the failure of defendants, City of Jersey City, Jersey City Police Chief Thomas J. Comey or Jersey City Police Director Samuel Jefferson, to properly train and supervise the aforesaid individually-named defendants, Kwadir has suffered damages, including, but not limited to, economic loss, physical injury, psychological and emotional trauma, and severe emotional distress, anxiety and embarrassment.

## JURY DEMAND

The plaintiff demands a trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the Rules, Dean R. Maglione, Esq. is hereby designated as trial counsel.

**THE MAGLIONE FIRM, P.C.**
Attorneys for Plaintiff, Kwadir Felton

By: _____/s/ Dean R. Maglione_____
**DEAN R. MAGLIONE, ESQ.**

**LAW OFFICES OF LORA B. GLICK, LLC**
Co-counsel for Plaintiff, Kwadir Felton

By: _____/s/ Lora B. Glick_____
Dated: December 22, 2011     **LORA B. GLICK, ESQ.**