# City of
# JERSEY CITY

**Law Department**
280 Grove Street
Jersey City, NJ 07302

Tel #: (201) 547-5229
Fax #: (201) 547-5230

VIA ECF

July 9, 2013

Hon. Mark Falk, U.S.M.J.
Frank R. Lautenberg U.S. P.O. & Courthouse
Room 457
One Federal Square
Newark, NJ 07102

    Re:    **Kwadir Felton v. City of Jersey City, et al.**
            **Civil Action No.: 2:11-cv-7492-WJM-MF**

Dear Judge Falk:

Attached hereto is a proposed form of Pretrial Scheduling Order, the terms of which have been agreed to by the attorney for the plaintiff and the attorney for the defendants.

We have left the date of the telephone status conference referred to in paragraph number 8 to Your Honor's discretion.

If the form of Order is acceptable to Your Honor please sign and file the order.

If anything further is required, please do not hesitate to contact me.

                Respectfully submitted,

                **JEREMY FARRELL**
                **CORPORATION COUNSEL**

            By: */s/ Michael Dougherty*
                MICHAEL DOUGHERTY
                Assistant Corporation Counsel
                Mdougherty@jcnj.org

cc:    Brook Barnett, Esq.(Attn: Michael Schullman)

|  |  |
|---|---|
| KWADIR FELTON | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY |
| Plaintiff,<br>v. | Civil Action No.: 11-7492 (WJM)(MF) |
| CITY OF JERSEY CITY, et al.<br>Defendant. | PRETRIAL SCHEDULING ORDER |

**THIS MATTER** having come before the Court for a scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure on _____; and for good cause shown:

**IT IS** on this ____ of _____, 2013

**ORDERED THAT**:

### I. DISCLOSURES

1. Fed. R. Civ. P. 26 disclosures are to be exchanged on or before July 15, 2013

### II. DISCOVERY

2. Fact discovery is to remain open through December 15, 2013. No discovery is to be issued or exchanged beyond this date, except upon application and for good cause shown.

3. The parties may serve interrogatories limited to twenty-give (25) single questions and requests for production of documents on or before July 15, 2013, to be responded to within thirty (30) days of receipt.

4. No objections to questions posed at depositions shall be made other than as to lack of foundation, form, or privilege. See Fed. R. Civ. P. 32(d)(3)(A). No instruction not to answer shall be given unless privilege is implicated.

5. Any discovery dispute shall be brought to the Court's attention in the first instance by letter or telephone conference call immediately after the parties' good faith attempt to resolve the dispute has failed. See L. Civ. R. 16.1(f)(1).

6. No discovery motion or motion for sanctions for failure to provide discovery shall be made without prior leave of Court.

### III. DISCOVERY CONFIDENTIALITY ORDERS

7. Any proposed confidentiality order agreed to by the parties must strictly comply with Fed. R. Civ. P. 26(c) and L. Civ. R. 5.3. See also Pansy v. Borough of Stroudsburg, 23 F. 3d 772 (3d Cir. 1994); Glenmede Trust Co. v. Thompson, 56 F.3d 476 (3d Cir. 1995). Any such form of order must be accompanied by an affidavit or attorney certification filed electronically under the designation "affidavit/certification in support of discovery confidentiality order." The affidavit or attorney certification shall describe (a) the nature of the materials to be kept confidential, (b) the legitimate private or public interests which warrant confidentiality, and (c) the clearly defined and serious injury that would result should the order not be entered. Any such order must be clearly designated "**Discovery Confidentiality Order.**" See L. Civ. R. 5.3.

### IV. FUTURE CONFERENCES

8. There shall be a telephone status conference before the Undersigned on _____. It shall be plaintiff's counsel's responsibility to set up and initiate the conference call.

9. The Court may, from time to time, schedule conferences, as may be required, either *sua sponte* or at the request of a party.

10. Counsel shall be prepared to discuss settlement at every conference with the Court. The senior attorney in charge of the case must attend all settlement conferences. It cases involving insurance companies and other corporate or business entities, it is expected that the executive who will make the final decision on the settlement will be the person available for the conference.

11. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.

12. A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action. Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

### V. MOTIONS

13. Any motion to add new parties, whether by amendment or third-party complaint, must be returnable not later than September 3, 2013.

14. Any motion to amend pleadings must be returnable no later than September 3, 2013.

15. No motions are to be filed without prior written permission from this Court. All dispositive motions must first be subject to a dispositive motion pre-trial hearing. These prerequisites must be met before any motions are filed and the motions will be returned if not

met. All calendar or dispositive motions, if permitted, shall comply with L. Civ. R. 7.1(b). Appendix N and 78.1.

16. Dispositive motions, if any, are to be filed by, June 30, 2014.

## VI. EXPERTS

17. All affirmative report reports shall be delivered by January 15, 2014, with depositions of those experts to be taken and completed within thirty (30) days of receipt of report. See Fed. R. Civ. P. 26(b)(4)(A). Any such report is to be in the form and content and required by Fed. R. Civ. P. 26(a)(2)(B).

18. All responding expert reports shall be delivered by February 28, 2014, with depositions of those experts to be taken and completed within thirty (30) days of receipt of report. Any such report shall be in the form and content as described above.

19. No expert shall testify at trial as to any opinions of base those opinions on facts not substantially disclosed in his report.

## VII. FINAL PRETRIAL CONFERENCE

20. A final pretrial conference shall be conducted pursuant to Civil Rule 16(d) at a time and date to be assigned.

21. Pursuant to paragraphs 14 and 15 of this Court's form of Final Pretrial Order, all pretrial submissions must be served upon the Court **forty-eight (48) hours** prior to the final pretrial conference.

22. All counsel are directed to assemble at the office of plaintiff's counsel not later than ten(10) days before the pretrial conference to prepare the proposed Final Pretrial Order in the form and content required by the Court, as well as the required pretrial submissions consisting of agreed upon jury instructions, voir dire questions, verdict sheet, trial briefs and a neutral statement of the case to be read to the jury panel, all of which must be submitted **forty-eight (48) hours** before the final pretrial conference. Plaintiff's counsel shall prepare the Pretrial Order and shall submit it to all other counsel for approval.

23. With respect to non-jury trials, each party shall submit to the District Judge and to opposing counsel proposed Findings of Fact and Conclusions of Law, trial briefs and any hypothetical questions to be put to an expert witness on direct examination.

24. The original of the Final Pretrial Order shall be delivered to Chambers no later than **forty-eight (48) hours** before pretrial conference, along with all pretrial submissions and trial briefs. All counsel are responsible for the timely submission of the Pretrial Order and submissions.

25.   **FAILURE TO FOLLOW THIS ORDER WILL RESULT IN SANCTIONS PURSUANT TO F. R. Civ. P. 16(f) and 37.**

                                                                                                   _____

                                                                                                   Hon. Mark Falk, U.S.M.J.